William R. Brennan, Jr., J.
Application pursuant to article 78 of the Civil Practice Act for an order reviewing and annulling a determination of the respondent Board of Appeals, dated July 23, 1962, wherein, on appeal from the denial of a building permit by the respondent Building Inspector, the variance requested by the petitioner was denied.
Based on the transcript of the minutes taken at the public hearing and on the reasons given by the respondents in their written decision attached to said transcript, the court can and *344 does find that a reasonable basis existed for a denial of the variance.
The petitioner is the owner of Lot No. 48 as shown in Block 67, Section 31 of the Land and Tax Map of Nassau County. Lot 48 has a frontage of 70 feet on the north side of Landing Road, about 132 feet west of Northfield Road in the City of Glen Cove; its easterly boundary line is 121.94 feet and its westerly boundary line 143.55 feet. The lot is in an R-3 Residential District. In said district a minimum width of 90 feet is required, with side yards of 15 feet and an area of 10,000 square feet. Both side yard and minimum width variances were sought and denied.
The papers submitted reveal that the petitioner’s husband purchased nine lots in October, 1961, of which the subject lot (No. 48) and an adjacent lot (No. 49), presently owned by him, were part. Before purchasing the lots he inquired of the then Building Inspector whether all of the lots could be built upon, and was allegedly advised in the affirmative. The husband obtained a permit to build on Lot 49 and commenced to pour a foundation on that lot in April, 1962. He also commenced to pour a foundation on Lot 48 which he had conveyed to the petitioner in October, 1961. On Lot 49 he failed to comply Avith the sideyard and minimum width requirements, but he was given a variance. On the subject property he never applied for nor received a permit, but, based upon the expense caused by pouring the foundation due to his own mistake or design and on the contention that these lots were on a subdivision map which had been approved by the Planning Board prior to 1952 when the present zoning ordinance was adopted, the petitioner sought a variance of the zoning ordinance.
There was no proof before the respondents to show that in 1952 the then oAvners of the property had a vested right to build on each of the substandard lots as shown on the map (see Elsinore Property Owners Assn. v. Morwand Homes, 286 App. Div. 1105). It does not appear that the Planning Board in approving the subdivision map prior to 1952 modified or was authorized to modify the then existing zoning regulations (see Matter of Johnson v. Moore, 13 A D 2d 984). Nor does the fact that other homes in the vicinity may have been built on lots with not more than 70-foot minimum width benefit the petitioner. In Matter of Ferryman v. Weisser (3 A D 2d 674) the record showed a similar situation but the determination of the Board of Appeals denying the variance Avas approved. Here the petitioner and her husband created their own hardship. Whether or not they may have been erroneously advised by a former Building Inspector does not authorize a violation of the ordinance. The *345 court cannot hold that the respondents abused their discretion in denying the variance requested. (See Matter of Chasanoff v. Silberstein, 6 N Y 2d 807; Matter of Fina Homes v. Young, 7 N Y 2d 845.) Application denied.