TOWN OF WATERTOWN *v.* WATERTOWN FIRE
DISTRICT ET AL.

SUPERIOR COURT      LITCHFIELD COUNTY      FILE No. 18688

Memorandum filed December 23, 1968

*William L. Tobin* and *William B. Fitzgerald,* both of Waterbury, for the plaintiff.

*Henry C. Campbell,* of Watertown, for the named defendant.

*Eugene L. DeFronzo* and *Joseph Protter,* both of Waterbury, for the defendant Oakville Fire District.

SPEZIALE, J. This is an action for a declaratory judgment determining the extent to which the powers conferred on the defendants Watertown Fire District and Oakville Fire District by special acts have survived since the adoption by the plaintiff, the town of Watertown, of its charter under the Home

Rule Act, and, concerning the defendant Watertown Fire District, the extent to which its zoning powers as conferred by special act have survived the implementation of zoning by the plaintiff. The defendant Oakville Fire District in its cross complaint seeks a declaratory judgment determining that it is the duty and obligation of the plaintiff to pay the Oakville Fire District for the furnishing of sewers, lighting, and water for fire protection.

It was ordered by this court that notice of the institution and pendency of the action be given to the residents, landowners, and taxpayers of the plaintiff and the defendants by publication in a newspaper and that return be made to the court that such notice had been given. The return of the notice was brought to the court's attention, and on July 18, 1968, the court ordered that the return be accepted and also determined the notice to be reasonable and sufficient.

Under the pleadings and by stipulation the facts are admitted by the parties. The plaintiff, the town of Watertown, is a municipal corporation, and it formerly exercised the powers conferred on towns and municipalities by the various provisions of the General Statutes, but, effective July 6, 1961, it adopted its own charter under the Home Rule Act (General Statutes, c. 99) and has exercised the powers provided therein.

The defendants are both quasi-municipal corporations deriving their existence and broad powers from a series of special acts of the General Assembly. These powers are enumerated in the plaintiff's complaint. Both defendants are located within the town of Watertown, and by special act they were authorized to enlarge their geographical area by the admission of contiguous territory and to extend pipes and sewers outside of the district limits.

By special act in 1941 (23 Spec. Laws 843, No. 218, § 18), the defendant Watertown Fire District was granted the same rights, powers and obligations with respect to zoning as were conferred on cities, towns and boroughs by the General Statutes, and effective September 15, 1947, the district adopted a zoning ordinance in accordance therewith; since then it has exercised and enforced its zoning authority within the district.

On April 1, 1955, the plaintiff adopted its own building zone ordinances in accordance with the General Statutes, and since then it has exercised and enforced its zoning authority within the town of Watertown outside the territorial limits of the Watertown Fire District, but including areas subsequently annexed by that district.

On July 6, 1961, the plaintiff duly adopted a municipal charter pursuant to General Statutes §§ 7-188 to 7-194, which constitute a part of the Home Rule Act. A true copy of the charter has become part of the file in this case by stipulation of the parties. The charter, by reference, invested the plaintiff with all of the powers and privileges conferred on towns under the general laws of the state and under the terms of § 7-194 of the General Statutes.

For many years, since before the adoption of its charter, the plaintiff has provided fire fighting services and police protection in the town of Watertown, including the areas within the Watertown Fire District and the Oakville Fire District. The defendants have never provided such services. Since the adoption of its charter, the plaintiff, which presently has no source of water supply or means of sewage disposal of its own, has installed water piping and sanitary sewers, serviced by the facilities of the Oakville Fire District, within an area of the

town of Watertown outside the Watertown Fire District and the Oakville Fire District.

The charter of the town of Watertown contains no specific provisions restricting the exercise of any of the powers and privileges conferred therein on the plaintiff to the area of the town outside the Watertown Fire District and the Oakville Fire District; in fact, to the contrary, § 101 of the charter reads in part: "All the inhabitants dwelling within the territorial limits of the Town of Watertown . . . may hold and exercise all powers and privileges heretofore exercised by said Town and not inconsistent with the provisions of this Charter, the additional powers and privileges herein conferred and all powers and privileges conferred upon Town under the general laws of the State and under the terms of Section 7-194 of the General Statutes." This point is further emphasized by the second sentence of § 906 of the charter, which states: "All special acts or parts of special acts relating to the Town of Watertown, inconsistent with the provisions of this Charter, are repealed."

The parties concur that because of the overlapping and duplication of the powers claimed by the plaintiff under its charter and the provisions of the General Statutes, on the one hand, and the powers claimed by the defendants under the provisions of the various special acts previously referred to, on the other hand, there is a substantial uncertainty of legal relations between the plaintiff and the defendants.

The plaintiff seeks a declaratory judgment determining the answer to seven questions which are set forth in the plaintiff's complaint. The questions propounded and the court's answers thereto follow.

The first question is whether, since the enactment of Public Act No. 465 of the 1957 session of the Gen-

eral Assembly (the Home Rule Act; as amended, General Statutes c. 99) the Watertown Fire District has had the authority to extend its geographical limits by virtue of the provisions of a prior special act. The plaintiff contends that § 18 of Public Act No. 465 repealed the provisions in the General Statutes which provided for a change in boundaries of fire or other districts. The defendant Watertown Fire District correctly maintains that the statute which was repealed was § 770 of chapter 35 of the 1949 Revision of the General Statutes, that § 770 had to do only with districts organized under that chapter, and that its repeal does not affect the special act in question. The plaintiff further contends that § 7-192 of the General Statutes requires that any amendment of a district charter must be in accordance with the Home Rule Act. The plaintiff is in error, because § 7-192 refers only to "any town, city or borough," and not to any district. The first question is answered in the affirmative.

The second question is whether the Watertown Fire District now has the power to enlarge its territorial limits within the town of Watertown by means of a home rule charter amendment or by virtue of other statutory authority. This question has been answered under the first question. The Watertown Fire District still has authority and power to admit contiguous territory under the special act. The plaintiff's claim that the Watertown Fire District lost its power to enlarge its territorial limits as a result of the adoption of the charter by the plaintiff will be answered under the fourth question. The second question is answered in the affirmative.

The third question is whether, since the adoption by the plaintiff on April 1, 1955, of its building zone ordinance in accordance with the General Statutes, the Watertown Fire District has had the authority

to exercise the zoning authority conferred upon it by a special act in 1941 and to enforce the building zone ordinances adopted by it pursuant thereto. It is the plaintiff's contention that the establishment by the plaintiff of a zoning authority pursuant to the General Statutes suspended the zoning powers of the Watertown Fire District. This contention cannot stand because, as the plaintiff has pointed out in its brief, § 8-1 of the General Statutes gives cities and boroughs the right to have their regulations continue in effect even though the town in which such a city or borough was located later adopted zoning; that is, the town was restricted in the exercise of its zoning powers to the area outside the city or borough. Since by special act the Watertown Fire District was specifically given the rights of cities and boroughs with respect to zoning, by analogy the Watertown Fire District has the right to have its zoning regulations remain in effect, and the plaintiff is confined in its jurisdiction to the area outside the Watertown Fire District. Section 7-326 of the General Statutes authorized, for the first time by general statute, the adoption of zoning and building regulations by districts, but it provided that such regulations would be superseded on adoption by the town of zoning and building regulations; however, a special act is not affected by a general statute unless the intent to repeal or alter is clearly manifest. *State ex rel. Wallen* v. *Hatch*, 82 Conn. 122, 124. There is no clear manifestation that the legislature intended the enactment of § 7-326 to repeal the special act in question. Section 7-326 refers to districts established under the provisions of chapter 105 of the General Statutes, whereas the Watertown Fire District came into being by prior special act. The third question is answered in the affirmative.

The fourth question is whether, since the adoption by the town of Watertown of its 1961 charter pursuant to the Home Rule Act, the Watertown Fire District has had the authority (a) to provide for the extinguishment of fires; (b) to provide for sprinkling of streets; (c) to provide for lighting of streets; (d) to provide for the planting and care of shade and ornamental trees; (e) to provide for the construction, maintenance and cleaning of sidewalks, crosswalks and drains; (f) to provide for the collection and disposal of garbage, ashes and rubbish; (g) to appoint and employ watchmen or police officers; (h) to construct and maintain a system of sewerage and drainage; (i) to construct and maintain a system of water supply and distribution; (j) to extend its pipes and sewers outside the limits of the district; and (k) to establish building lines. The plaintiff's position is that by its 1961 charter it has preempted all of the governmental powers previously vested in the Watertown Fire District by special act and that each subordinate question incorporated into the fourth question should be answered in the negative. In support of its position, the plaintiff relies on § 7-188 of the General Statutes, which reads in part: "Any town, city or borough, in addition to such powers as it has under the provisions of the general statutes or any special act, shall have the power to draft, adopt and amend a charter which shall be its organic law and shall supersede any existing charter, including amendments thereto, and all special acts inconsistent therewith . . . ." The language "shall supersede any existing charter . . . and all special acts inconsistent therewith" refers to charters or special acts relating to the municipality which adopted the charter, not to other municipalities; that is, that language, in the instant case, would refer to the plaintiff and not to the defendants. The Home Rule Act is a general statute. It

does not contain any language showing an intent to give the plaintiff the power, by adopting a charter or by any other act, to repeal the special acts containing the charter of the Watertown Fire District. As previously stated, such an intent must appear clearly in a general statute if a special act is to be repealed by the general statute. *State ex rel. Wallen* v. *Hatch,* supra.

The plaintiff is obviously seeking a consolidation of the defendants with itself, the town of Watertown; however, § 7-324 of the General Statutes provides that all fire districts established prior to May 29, 1957, shall be continued, except that such a district may be consolidated in accordance with the General Statutes. Sections 7-195 to 7-201 of the General Statutes pertain to the consolidation of units of local government. Section 7-195 defines "unit of local government" as a town or political subdivision thereof and defines "political subdivision" as a city, borough, or district within a town. Section 7-324 defines the word "district" as "any . . . district or association, except a school district, wholly within a town and having the power to make appropriations or to levy taxes." It is clear and undisputed that the defendants Watertown Fire District and Oakville Fire District are units of local government within the definition of § 7-195 of the General Statutes. *Dugas* v. *Beauregard,* 155 Conn. 573, 577. Section 7-195 of the General Statutes further reads in part, "The consolidation of the government of any town with the government or governments of one or more political subdivisions therein shall be effected in the manner hereinafter prescribed." Sections 7-195 to 7-201 of the General Statutes clearly govern any attempt at consolidation of the defendants with the plaintiff.

The fourth question is answered in the affirmative.

The fifth question is whether, since the enactment of Public Act No. 465 of the 1957 session of the General Assembly (the Home Rule Act), the Oakville Fire District has had the authority to extend its geographical limits by virtue of the provisions of a prior special act. It is undisputed that by special act the Oakville Fire District was given the power to enlarge or reduce its territorial limits in the manner provided in and by authority of § 550 of the Revision of 1930, then in effect. The special act specifically referred to § 550. It is also not disputed that the provisions of § 550, which became § 770 of the Revision of 1949, were repealed by the Home Rule Act. It follows then that that repeal terminated the power of the Oakville Fire District to enlarge or reduce its territorial limits under said special act. The fifth question is answered in the negative.

The sixth question is whether the Oakville Fire District now has the power to enlarge its territorial limits within the town of Watertown by means of a Home Rule charter amendment or by virtue of any other statutory authority. The record does not disclose whether the Oakville Fire District has elected to make its charter subject to amendment by Home Rule action; however, such an election would not alter the answer to this question. Public Act No. 582 of the 1963 session of the General Assembly, now § 7-328a, provides in part: "(a) Any district . . . established by special act may, by a two-thirds vote of the voters present at a district meeting, elect to make its charter, including any amendments thereto adopted by special act, subject to amendment by home rule action . . . , but no home rule charter amendment shall be adopted which will grant to the district any authority exceeding that granted to districts under this chapter." The restriction in § 7-328a that no "amendment shall be adopted which

will grant to the district any authority exceeding that granted to districts" under chapter 105 of the General Statutes determines this question. The authority for the Oakville Fire District to extend its geographical limits must be found, if at all, in chapter 105. Since chapter 105 does not contain any specific authority for changing the boundaries of a district, it follows that no such district, including the Oakville Fire District, has the power to extend its geographical limits. The sixth question is answered in the negative.

The seventh question is whether, since the adoption by the town of Watertown of its 1961 charter pursuant to the Home Rule Act, the Oakville Fire District has had the authority (a) to provide for lighting of streets; (b) to provide for extinguishment of fires; (c) to provide for sprinkling of streets; (d) to establish building lines; (e) to provide for the planting and care of shade and ornamental trees; (f) to provide for construction and maintenance of sidewalks, crosswalks and drains; (g) to provide for appointment and employment of watchmen or police officers; (h) to provide for the collection and disposal of garbage, ashes and other refuse material; (i) to purchase and operate a water system for fire protection; and (j) to purchase and operate a water system for commercial, industrial or domestic use. The answer pertaining to the fourth question applies as well to this question. The seventh question is answered in the affirmative.

By way of cross complaint, the Oakville Fire District seeks a declaratory judgment determining that it is the duty and obligation of the plaintiff to pay the Oakville Fire District for the furnishing of sewers, water, lighting, and fire protection in the form of hydrants and other necessary facilities for the purpose of furnishing adequate water pressure

to fight fires within the portion of the town of Watertown which is within the territorial boundaries of the Oakville Fire District.

The claim for a declaratory judgment by the cross complaint of the Oakville Fire District is hereby denied because this is not the proper form of procedure. "The court will not render declaratory judgments upon the complaint of any person: . . . (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure . . . ." Practice Book § 309. This court has a wide discretion in such matters. *Larke* v. *Morrissey,* 155 Conn. 163, 167; *Brewster* v. *Brewster,* 152 Conn. 228, 232. The Oakville Fire District should have brought a simple action claiming monetary damages. An action of that type would necessarily have put in issue the claim of the Oakville Fire District and would have given it the relief to which it proved itself entitled on the facts and which was properly sought in its pleadings. *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 239.

Judgment may enter in accordance with this decision.