### ANDREW R. DLUGOS *v.* ZONING BOARD OF APPEALS OF TRUMBULL

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT | FILE NO. 113305 |
|---|---|---|

Memorandum filed March 7, 1980

*Raymond G. Heche,* for the plaintiff.

*Burton S. Yaffie,* for the defendant.

ZARRILLI, J. This is an appeal from the action taken by the zoning board of appeals of the town of Trumbull denying the application of the plaintiff, Andrew R. Dlugos, for a variance from the zoning regulations to enable him to use a portion of his residence as a real estate office. As a property owner the plaintiff is found to be an aggrieved person and, as such, has standing to maintain the appeal. The property under consideration is situated in a residential zone.

Article II, § 1 of the zoning regulations of the town of Trumbull provides in pertinent part as follows: "Within any Residence zone no building, structure or premises shall be . . . used for other than . . . (a) A one family detached house for one housekeeping unit only." Under subsection (b), providing for special exceptions, the following exception is, however, made for "[t]he office of a resident professional person . . . provided that the premises are the principal residence of such professional person . . . ."

In claiming that the business of a real estate broker should be classified as a professional occupation so as to fall within the purview of a permitted use under subsection (b), the plaintiff places heavy reliance upon the fact that this particular occupation is regulated by the licensing requirements of General Statutes § 20-314. That reliance is misplaced. The requirement of licensing serves a public policy purpose allowing "supervision and regulation of the real estate business and [making] possible the elimination of the incompetent and unscrupu-

lous agent." *Cyphers* v. *Allyn,* 142 Conn. 699, 704; *Metropolitan Casualty Co.* v. *Billings,* 150 Conn. 603, 607.

In the common usage of the term, a real estate office cannot be classified any differently from an insurance office, a collection agency, a shoe repairer's store, a tailor's store, or other types of occupations, businesses or agencies where personal services are offered to the general public. On the other hand, the word profession denotes something more. It implies "professed attainments in special knowledge as distinguished from mere skill." It signifies a "practical dealing with affairs as distinguished from mere study or investigation; and an application of such knowledge to uses for others as a vocation as distinguished from its pursuit for its own purposes." Ballentine's Law Dictionary (2d Ed.). The term "profession" implies "knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study." *People ex rel. Tower* v. *State Tax Commissioner,* 282 N.Y. 407, 412; *Rosenbloom* v. *State Tax Commission,* 44 App. Div. 2d 69, 71 (N.Y.). Typical examples of professions are, of course, dentistry, medicine, law and divinity. Also includable are, inter alia, professions practiced by chiropractors, psychiatrists, podiatrists, psychologists, and architects.

A plethora of decisions from other jurisdictions clearly indicates that a real estate broker simply cannot be categorized as a professional person. See *Pennock* v. *Fuller,* 41 Mich. 153, 155, which held that "[r]eal estate agencies are no more professions than any other business agencies." In *Jones* v. *Robertson,* 79 Cal. App. 2d 813, 816–17, the court held that " '[o]ne who operates a real estate agency is not engaged in a professional employment.' " Similar contentions were made and overruled in the

following cases: *Cummins* v. *Pennsylvania Fire Ins. Co.,* 153 Iowa 579; *Seaman* v. *Zoning Board of Appeals,* 340 Mass. 488; *Hacket* v. *Gale,* 104 N.H. 90; *Ridley* v. *Pronesti,* 431 Pa. 34. See 3 Yokley, Zoning Law and Practice (3d Ed.) § 28-52; 1 Rathkopf, Zoning and Planning (3d Ed.), pp. 23–51. In *Hancock* v. *Concord,* 111 N.H. 413, 414, the Supreme Court of New Hampshire stated that "[t]he occupation of a real estate agent has been held to be a business and not a profession."

The plaintiff's claims with respect to the declining values of property and the changing character of the area are more properly addressed to the zoning and planning commission than to the zoning board of appeals, whose functions are strictly limited in character. Variances should not be used to accomplish what is, in effect, a substantial change in the uses permitted in a specific zone. *Bradley* v. *Zoning Board of Appeals,* 165 Conn. 389, 395; *Dooley* v. *Town Plan & Zoning Commission,* 151 Conn. 304, 313. "[T]he establishment of and changes in general zoning regulations are a legislative function, . . . and when the board [a zoning board of appeals] uses its variance power to change these general rules, it encroaches on this legislative area and thereby acts in abuse of its discretion." *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 145.

General Statutes § 8-6 authorizes a zoning board of appeals to grant a variance when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 280. "It is well settled that the hardship must be different

in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 327.

A perusal of the record clearly indicates that restricting the uses of property in a residential zone to occupancy for a professional purpose affects generally all the properties in the affected district, and also that the claimed hardship arises from circumstances and conditions under the control of the plaintiff himself. Under such circumstances it can hardly be said that the zoning board of appeals acted illegally, unreasonably or in the abuse of its discretion in denying the application under consideration.

Although the foregoing is dispositive of the issue, it may not be amiss to discuss two additional claims advanced by the plaintiff.

First: The property under consideration fails to satisfy the requirements for a special exception for the simple reason that it does not conform to the side-yards standard as required by article II, § 1 (b) of the regulations, thus justifying the sixth reason given by the board for the denial.

Second: The plaintiff is not advantaged by his claim that in seven instances from 1960 to 1977 variances were granted to others for the establishment of real estate offices in residential sections of the town.

Each case must be decided on its own facts and merely because a certain action is taken in one situation, it does not follow that a precedent is set which is binding on the board in another. "Any rule to the contrary would tie the hands of the board and destroy its discretion as well as its statutory

authority to distinguish and separate conflicting views so as to harmonize the rights of the parties with principles of reason and justice." 2 Yokley, Zoning Law and Practice (3d Ed.) § 15-15. "A variance may not be justified on the ground that other variances had previously been issued in the immediate area." Ibid. "Ill advised or illegal variances do not justify the grant thereof to others. The grant of a variance to some and the denial of a variance to others does not ipso facto establish a pattern of unreasonable discrimination." Yokley, op. cit. § 15-15 (Sup. 1972); *Glasgow* v. *Beaty,* 476 P.2d 75 (Okla.); *Mastroianni* v. *Board of Zoning Appeals,* 36 Misc. 2d 343 (N.Y.). See 2 Anderson, American Law of Zoning, Variances § 14-25, where it is stated that "[t]he fact that one or more variances have been granted to landowners near the site of a proposed variant use does not constitute proof of undue hardship."

The record in the case at bar is completely devoid of any evidence indicating that the Dlugos' property cannot be used for a purpose permitted by the zoning ordinances of the town of Trumbull, and the fact that variances may have been granted to others does not constitute unnecessary hardship. Nor is there any basis in this case for a finding that the granting of several variances for the establishment of real estate offices over a period of many years in residential areas shows "a pattern of discrimination consciously practiced" amounting to "an intentional violation of the essential principle of practical uniformity." *Bianco* v. *Darien,* 157 Conn. 548, 560; 16 Am. Jur. 2d, Constitutional Law § 541.

It is axiomatic in the law of zoning that appeals from administrative boards are decided on the record before the board; *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322; *Lathrop* v. *Planning & Zoning Commission,* 164 Conn. 215; that this

court does not try the issues de novo, or substitute its judgment and discretion for that of the board and that its functions are limited to a determination of whether the board acted illegally, arbitrarily or in the abuse of its discretion. *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211.

A review of the record in this case compels the conclusion that the board acted within the scope of its discretion and that its actions were not illegal or arbitrary in denying the application.

Accordingly, the appeal is dismissed.