[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Deer Island Association, Inc. has appealed the decision of the defendant, Morris Zoning Board of Appeals, granting a variance to John C. and Joanmarie Monroe of section 26-2 of the town zoning regulations which call for a twenty-five foot setback from the street line of Pioneer Lane passway.
The defendants, John C. Monroe and Joanmarie Monroe purchased their property on Deer Island on January 13, 1977, Although the western boundary of the property is disputed, surveys presented to the Deer Island Association and the Morris Zoning Board of Appeals show the lot to be fifty feet wide on its northern boundary along Bantam Lake, one hundred fifteen feet long on its eastern boundary along land of Pensley, fifty feet wide on its southern boundary also along land of Pensley, and one hundred twenty-eight feet long on its western boundary along the passway known as Pioneer Lane. The lot is described by deed as being fifty by one hundred feet.
The Monroe lot has been shown on the land records of the Town of Morris since 1941. A dwelling house has been situated on the lot since approximately 1946. The dimensions of the house were twenty-four feet, north to south, by thirty-two feet, east to west, CT Page 1210 including a porch on the west side extending eight feet from the house. On October 4, 1986, the Monroes wrote to the Deer Island Association seeking approval for an addition to the house. A plot plan drawn by Mr. Monroe and submitted to the Association showed a lot width of seventy-five feet. The Association approved the addition subject to compliance with "the zoning regulations of the Town of Morris and the zoning regulations of Deer Island".
On March 16, 1987, because of practical problems associated with the addition, the Monroes asked the Association for permission to demolish the existing structure and erect a new structure in its place. The Association approved the request and the Morris building official granted a building permit on May 20, 1987. After a foundation had been poured, the Association wrote to the Monroes and the Town of Morris complaining that the foundation violated the twelve foot setback requirement of the Association's bylaws.
On May 5, 1989, after obtaining an A-2 survey requested by the Association and an A-2 plot plan showing compliance with all applicable bylaws and regulations of the Association and the Town except as to the Pioneer Lane setback, Mr. Monroe responded to the Association stating his willingness to move the foundation on the east, (property owned by Joel Pensley) and reiterating his previous statements that the building line of the new structure was the same as that of the former cottage. On June 8, 1989, the Monroes filed an application with the defendant Zoning Board of Appeals requesting a variance of Section 26-2 of the Morris Zoning Regulations, which section requires a twenty five foot setback from any street line. For the purposes of this appeal, the parties concede that Pioneer Lane Passway is a "street" under the Morris Zoning Regulations. On August 10, 1989, the Board granted a variance permitting construction extending to within six feet of the Pioneer Lane boundary.
 I.
All defendants have conceded that as owner of Pioneer Lane Passway which abuts the Monroe property, the plaintiff Association is aggrieved. Conn. Gen. Stat. Sec. 8-8(a); see also, Hochberg v. Zoning Commission, 19 Conn. App. 357, 359.
 II.
As stated in Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, at 563-564:
 A variance is authority extended to the owner to use his property in a manner precluded by the zoning regulations. Burlington v. Jencik, 168 Conn. 506, 508, 362 A.2d 1338
(1975). A zoning board has the power to grant a variance if the variance will not substantially affect the CT Page 1211 comprehensive zoning plan and if strict adherance to the zoning ordinance would cause unusual hardship unnecessary to achieving the plan's purpose. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 38-39, 438 A.2d 1186 (1982); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204, 557 A.2d 1265 (1989). Proof of hardship is, therefore, a condition precedent to the granting of a variance, and such hardship just arise from the circumstance, or conditions beyond the applicant's control. Smith v. Zoning Board of Appeals, 174 Conn. 323, 327, 387 A.2d 542 (1978); Aitken v. Zoning Board of Appeals, supra, 205.
 Appellate review of an agency decision is not a de novo adjudication and the court `is limited to a review of the evidence and reasoning the agency has placed on the record." Kaeser v. Conservation Commission, 20 Conn. App. 309, 311. . . If the record reasonably supports the agency's conclusions, the agency's decision will not be disturbed. Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 573, 538 A.2d 1039 (1988); Burnham v. Planning Zoning Commission, 189 Conn. 261, 266, 455 A.2d 339 (1983). The burden of proof is on the plaintiff to demonstrate that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988).
The record discloses that the layout of the waterfront lots on Deer Island is such that nearly all of the lots are sited so that their shorter width abuts the waterline and the roadway. The Monroe lot is the only one on which the length of the lot abuts the roadway. A few corner lots are also in this category, however, in such instances owners may elect to treat one or the other property line as their street frontage. The subject lot being fifty feet wide, imposition of a twelve foot setback on the east, Pensley side, a twenty-five foot setback on the west, Pioneer Lane side, would leave only thirteen feet of buildable space, including allowance for overhang. The plaintiff Association concedes in its brief that the imposition of a twenty-five foot setback would be confiscatory. It states at page seven that "the Association agrees with Mr. and Mrs. Monroe that a 25-foot setback from Pioneer Lane Passway would, realistically, destroy the value of the Monroes' property. Since the lot is only 50 feet wide, and since there is a 12 foot setback from the boundary opposite Pioneer Lane Passway, a 25-foot setback from the passway would reduce the buildable area to a narrow strip only 13 feet wide. The Association concurs with the Monroes that enforcement of the 25-foot setback would be confiscatory."
Prior to its demolition, the Monroe cottage, including the porch at its southwestern corner, was thirty-two feet in width. After the Association sent their letter of April 22, 1988, the Monroes obtained an A-2 survey, revised their building plans extensively and CT Page 1212 entered into protracted negotiations with the Association and Mr. Pensley, their neighbor on the easterly side to remove all of the site problems except for the Pioneer Lane setback.
A zoning board of appeals is justified in granting a variance if it will not "affect substantially the comprehensive plan and adherence to the strict letter of the zoning ordinance causes unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Dlugos Mr. Zoning Board of Appeals of Trumbull, 36 Conn. Sup. 217. An exhibit submitted to the board by the Monroes, shows the dimensions of every building lot on Deer Island. Two lots meet the present requirements of the Morris Zoning Regulations relating to size.
Although the plot plan originally submitted to the Deer Island Association and the Morris building official and the location of the new building foundation produced considerable delay and difficulty for the Monroes, the variance application was not intended to remedy the problems resulting from the plan or foundation. The Monroes obtained two A-2 surveys of the premises and moved the foundation. The variance granted will require that the foundation be moved again.
The relief sought by the Monroes is a variance of that provision of the zoning regulations requiring a twenty-five foot setback from the Pioneer Lane Passway so that they might put up a cottage extending to the same westerly point on their property as that reached by the previous structure. In Highland Park, Inc. v. Zoning Board of Appeals, 155 Conn. 40, 43, 229 A.2d 356 (1967), the builder of a house in a new subdivision sought a variance for a completed structure which had been sited within a ten foot sideline setback. The Monroe cottage preexisted the adoption of zoning in Morris by some thirty-three years. Their application was made prior to the completion of any portion of the replacement structure other then its foundation.
The Monroe cottage became a nonconforming structure upon the adoption of the Morris Zoning Regulations in 1979. If the setback restrictions of the regulations are strictly applied, the buildable area of their lot would be nine hundred eight-eight square feet, less than twenty percent of the lot's area. In Chevron Oil Co. v. Zoning Board of Appeals of Town of Shelton, 170 Conn. 146, 356 A.2d 387 (1976), the court ordered the granting of a variance permitting the applicant to obtain reduction of a forty foot setback requirement to twenty feet in order to enlarge a gas station located in a residential zone. The court stated that a strict application of the regulations would restrict the use of the property to less than fifteen percent of its area.
At its meeting of August 10, 1989 at which the board unanimously granted a variance, the members set forth their reasons CT Page 1213 for granting a variance of 19 feet of the 25-foot setback requirement as follows:
 Nancy S. Fenn: A setback of six feet is a reasonable compromise being less non-conforming than the one foot request and less than the 25 foot zoning requirement or the 12 foot setback asked for by the Deer Island Association, both of which contain hardships. Harold C. Letsky: Some of the hardship was created by the owner but the six foot setback is a reasonable compromise. Brainerd T. Peck: The 25 and 12 foot setback requirements result in degrees of hardship and the one foot setback is too close. The six foot compromise provides a suitable sized house on a difficult lot. Clifford M. Wheeler: The 25-foot setback is confiscating and he has reservations about the 12-foot setback. The six foot setback is a workable compromise. The one foot setback from the boundary is unreasonable. Thus some of the hardship inherent in the lot is eliminated. Charles W. Weik, Jr.: The 25-foot setback is too much; the six foot grant is a fair amount. There is a hardship because of the narrow lot.
The court finds that a review of the record reasonably supports the board's conclusions and therefore its decision granting the variance may not be disturbed. Frito-Lay, Inc. v. Planning 
Zoning Commission, 206 Conn. 554, 573.
 III
Section 8-1(b) of the General Statutes provides: "The zoning commission of any town shall have jurisdiction over that part of the town outside of any city or borough contained therein except that the legislative body of any city OF borough may, by ordinance, designate the zoning commission of the town in which such city or borough is situated as the zoning commission of such city or borough." It would appear that the Deer Island Association is a special district of the type treated in chapter 105 of the General Statutes. The Association is a municipal corporation, as established by Special Act No. 254 of the 1929 session the general assembly and Special Act 57-453, but is neither a city of borough. The special acts do not designate the Association as a borough or city and they do not give the Association the powers of a city or borough. The Association does not have the power of eminent domain and it does not have a governmental body of a type requiring compliance with the elections provisions of the (General Statutes. The State Register and Manual does not list the Association as a borough.
Section 7-326 of the General Statutes provides that a special district may: CT Page 1214
 . . . . Establish a zoning commission and a zoning board of appeal, or a planning commission, or both, by adoption of chapter 124 or 126, excluding sections 8-29 and 8-30, or both chapters, as the case may he, which commissions or board shall be dissolved upon adoption by the town of subdivision or zoning regulations by the town planning or zoning commission; and to adopt building regulations, which regulations shall be superseded upon adoption by the town of building regulation.
Town of Watertown v. Watertown Fire District,28 Conn. Sup, 413,265 A.2d 496 (1968) was an action to determine the extent to which special act zoning powers conferred on the Watertown Fire District survived the implementation of zoning by the town of Watertown. The special act specifically provided that the Fire District was to have the powers of cities and boroughs with respect to zoning. The court held that under Section 8-1, the District's zoning powers continued. Equivalent powers were never granted to the Deer Island Association. The Association acknowledged this when it asked the town to create a Deer Island Zoning District in 1977. The present posture of the Association is that no variances are to be granted on the Island. The decision as to whether or not to grant a variance rests with the Morris Zoning Board of Appeals and not with the plaintiff.
For the reasons set forth, the appeal is dismissed.
PICKETT, J.