[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Alfred D. Dobras and Donna Monachelli appeal from a CT Page 1786 decision of the Stratford Board of Zoning Appeals denying their petition for a variance of the zoning regulations. They had requested the Board to vary the regulations pertaining to lot width, lot area, and building set-back requirements so as to enable them to construct a one-family dwelling on their property which is located at the corner of Quail Street and Nichols Avenue. They now request this court to direct the Board to grant the petition. The court finds the Board acted properly and denies the appeal.
The ultimate issue is whether the Board's denial of the variance was arbitrary, illegal and an abuse of discretion. This court cannot substitute its judgment for that of the Board. Haines v. Zoning Board of Appeals. 26 Conn. App. 187, 190
(1991). A zoning board of appeals should state reasons for its decision so that this court can determine whether it acted properly. The Stratford Zoning Board of Appeals did not state the reasons for its decision. Where a zoning board does not state its reasons, this court must search the record of the proceedings to attempt to find a basis for the action taken. Carini v. Zoning Board of Appeals, 164 Conn. 169, 171 (1972).
The record shows that the plaintiffs' mother purchased the property on September 25, 1946. At the time, a two-car garage was on the property. Apparently, the plaintiffs' mother intended to convert the garage into a residence. She did not do so. Since 1946, the plaintiffs' family has continuously owned the property. The family has paid real estate taxes, a sewer assessment, and a sidewalk assessment. According to documents submitted to the Board by the plaintiffs, the plaintiffs' property was first shown as a lot on a plot plan filed in 1920 in the Stratford Town Clerk's Office. The plaintiffs' predecessors-in-title owned the lot together with adjoining property until 1933 when the lot was sold as a separate lot. The plaintiffs and their parents have never owned any of the adjoining property. According to an abutting property owner. Thomas Pjatak, the garage which is on plaintiffs' property is the same constructions style as the Pjatak house. Mr. Pjatak told the Board that the garage was constructed together with his house in 1931 and that the property was subdivided in 1934. The record of the proceedings also shows that the Stratford Board of Zoning Appeals has granted waivers of lot area and house set-back requirements to nearby property owners. Based upon these facts, the plaintiffs argue that the Board's action was confiscatory, arbitrary and an abuse of its discretion.
Section 21.1 of the Stratford Zoning Regulations authorizes the Board to vary the regulations "soley with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it CT Page 1787 is situated, a literal enforcement of such regulations would result in exceptional difficulty or unusual hardship. . . ." This language, which is substantially similar to General Statutes8-6 (3), requires the fulfillment of two conditions: "(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Grillo v. Zoning Board of Appeals,206 Conn. 362, 368 (1988) (internal citation omitted). The burden of proof on these issues is on the plaintiffs. Carini v. Zoning Board of Appeals, 164 Conn. 169, 172 (1972).
That a number of houses in the immediate area of the applicants' property were built on lots of similar width and lot area shows that a variance of the lot width and lot area requirements would be in concert with the comprehensive zoning plan. See Egan v. Zoning Board of Appeals, 20 Conn. App. 561,564, (1990). The evidence as to the set-back requirement is less clear. The plaintiffs must do more, however, than merely show that a variance of the regulations would not substantially affect the comprehensive zoning plan. They must also show that a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship. The following quotation from a recent Appellate Court decision, Haines v. Board of Appeals, supra at 191, is germane to this latter requirement:
 "It is axiomatic that a variance is granted with respect to a particular piece of property; see Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972); and that the hardship peculiar to a particular piece of property must arise `from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control.' (Citations omitted.) Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636, A.2d (1991); see also 3 R. Anderson, American Law of Zoning (3d Ed. 1986) 20.26 (`[t]he fact that one or more variances have been granted to landowners near the site of a proposed variant use does not constitute proof of undue hardship'). Each case must be decided on its own merits, and it follows that `[a] variance may not be justified on the ground that other variances had CT Page 1788 previously been issued in the immediate area.' 3 E. Yokley, Zoning Law and Practice (4th Ed. 1979) 21-11; see 3 R. Anderson, American Law of Zoning (3d Ed. 1986) 20.26 (`[t]he granting of a variance to one landowner does not require the granting of a similar variance to a second owner in the same neighborhood'); see also Dlugos v. Zoning Board of Appeals, 36 Conn. Sup. 217, 222, 416 A.2d 180 (1980)."
"The plaintiffs' claim of hardship is based on the theory their lot became undersized as a result of the zoning ordinance and that the ordinance is therefore confiscatory. If true, this claim would be a good basis for establishing hardship. "[I]f the hardship is created by the enactment of a zoning ordinance and the owner of the parcel could have sought a variance, then the purchaser has the same right to seek a variance and, if his request is supported in law, to obtain the variance . . . . Otherwise the zoning ordinance could be unjust and confiscatory." Johnny Cake, Inc. v. Zoning Board of Appeals,180 Conn. 296, 300-301 (1980). The record fails to reveal when the pertinent regulations became applicable to the plaintiffs' lot. If a person in the plaintiffs' chain of title split the property in violation of the zoning regulations, the hardship would be self-created and the board would lack the power to grant a variance. Haines v. Zoning Board of Appeals, supra at 193. Because the court cannot speculate or guess as to when the regulations were adopted by the town, the court must conclude that the plaintiffs have failed to sustain their burden of proof on this issue.
There is no other basis in the record for the Board's finding of a hardship. Since the record fails to show plaintiffs established hardship, this court cannot find the Board had the power to grant a variance. Accordingly, this court concludes that the Board's denial of the variance was proper.
The appeal is denied.
THIM, J.