[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal from a decision of the Bridgeport ZBA granting a use variance to the defendant Naudzus to construct a mini-shopping center in a Residence A, Single Family zoned district.
The property in question, known as 1234 Huntington Turnpike, is composed of 2.29 acres and situated for the most part in the City of Bridgeport (.07 acres lies in the Town of Trumbull). [R-p. 2 Tr; Maps Exhibits] The subject property is CT Page 9701 Located in a Residence A Zone where no business use is permitted save professional offices as an accessory to single family use. [Zoning Regulations of City of Bridgeport, ch 4, secs 2, 2(d), 3 CH 14, Rev 1985.]
The subject property is adjacent to Huntington Turnpike, a heavily travelled two lane state highway entering and leaving the City of Bridgeport. [R. 2, 4, 7-8] The defendant seeks to vary the regulated use so as to permit him to construct a 21,450 square foot building containing 12 stores with parking facilities for 107 vehicles to be used as a "Neighborhood Shopping Center." [R. 2, 3]
On January 8, 1991, after a lengthy hearing in which proponents and opponents spoke, the ZBA granted defendant Naudzus' application. [R. 1-25] In granting Naudzus' application the board specifically stated as its reasons therefor:
 1. Hardship has been demonstrated because the site is impractical for single family development due to its location; and,
 2. Hardship has also been demonstrated because the topography of the site itself and the presence of a stream thereon results in exceptional difficulty in developing same for residential purposes.
[R — Notice of decision dated 3/15/91]
The named plaintiff, an abutting owner, filed a timely appeal. However, prior to the expiration of the appeal period the named plaintiff withdrew his appeal and two other parties, Selda Dworkin Yolanda DePiano, filed motions to intervene which were, over defendants' objections, granted by Katz, J., on 5/16/91. Consequently, the instant appeal is now being prosecuted by Dworkin and DePiano only.[1]
Notice requirements for the hearing and decision are not at issue in this appeal.
AGGRIEVEMENT
The plaintiff, DePiano, claims statutory standing under CT Page 97028-8(1) C.G.S. by virtue of owning land within a radius of 100 feet of the subject property as well as classic aggrievement. However, DePiano has offered no credible evidence to bring her within the necessary proximity to the subject property to give her statutory standing. The court cannot therefore find the prerequisite locus aggrievement pursuant to 8-8(1) C.G.S.
DePiano's common law claim that her property will suffer a dimunition in value and she will suffer adverse physical effects in the use of her property if the variance in question is granted suffers from the same disability. It is well settled that in order to establish aggrievement sufficient to afford standing to appeal a decision of a zoning authority, one must
show that their property or legal interests have been affected thereby in some specific way as distinguished from a general concern of all members of the community. Foran v. ZBA,158 Conn. 331, 333, 334, (1969); Tucker v. ZBA, 151 Conn. 510
(1964); Hughes v. Town Planning Zoning, 156 Conn. 505 (1968).
After considering all of the evidence offered on the issue of aggrievement, the court concludes that DePiano has failed to demonstrate that her rights in the use of her property have been affected any differently than any other neighbor's rights by the erection of the proposed mini-shopping center. Furthermore, there is nothing in the record or the evidence to show that the value of her property would be lessened. In the absence of such proof, the court cannot find aggrievement. Kyser v. ZBA,155 Conn. 236, 242 (1967).
Finally, although the court cannot find that DePiano's property is situated within the magic 100 feet radius required by 8-8(1), it does conclude that her property is in relatively close proximity to the subject property. However, proximity alone is insufficient to support aggrievement. Foran v. ZBA, supra, 334.
Accordingly, the court must conclude that the plaintiff DePiano has failed to demonstrate the aggrievement necessary to prosecute her appeal and therefore hereby DISMISSES the DePIANO appeal.
Plaintiff Dworkin relies solely upon 8-8(1) C.G.S. as the basis of her aggrievement. She claims that her property abuts the subject property. Section 8-8(1) provides in relevant part CT Page 9703 that owners of property abutting the subject property are aggrieved. 8-8(1) C.G.S. Based upon the evidence offered by Dworkin, the court finds that she is a part owner of property which abuts the subject property and is therefore aggrieved pursuant to 8-8(1) C.G.S. Consequently she has standing to pursue this appeal.
MERITS OF THE APPEAL
Dworkin attacks the action of the ZBA on 4 grounds:
1. That the ZBA lacked jurisdiction to entertain defendant Nardzus' petition because it amounted to a request for a zone change rather than a variance;
2. That the action of the ZBA in granting the variance created a spot zone;
3. The ZBA reversed itself on a prior decision on the subject property without evidence of a change in conditions; and,
4. That Nardzus failed to establish the necessary legal hardship to support the granting of a variance.
The plaintiff first claims that by permitting the defendant to put his property to a strictly business use in a zone which is classified as a single family zone constitutes in effect a zone change. It should he noted that the applicable zoning ordinance nowhere permits a business use within this zoning classification. Zoning Regulations of the City of Bridgeport, supra, ch 14, Sec. 2(a).
Our Supreme Court has held on a number of occasions that when a zoning board of appeals authorizes by variance a use not permitted within the specific zoning regulation, it, in effect, amends that regulation and thereby acts illegally and in abuse of its discretion and authority. Bradley v. ZBA, 165 Conn. 389,395 (1973); Ward v. ZBA, 153 Conn. 141, 145 (1965); Dooley v. P Z, 151 Conn. 304, 313 (1964).
The appellees, on the other hand, characterize the ZBA's action as merely varying the application of the zoning regulations to permit the appellee to use his property in a manner not otherwise permitted by the zoning regulations and CT Page 9704 therefore within its statutory authority as granted by 8-6(3) C.G.S. [R. 4]
The court disagrees with the appellee's characterization of the action taken by the Bridgeport ZBA. In the case at bar the zoning regulations nowhere permit a stand alone business use in this zone. The closest it comes to permitting a business use in this zone is in providing for a professional accessory use to a single family use. See, ch 4, 2(d) of Bridgeport Zoning Regulations, supra. Naudzus has nevertheless attempted on two occasions in the past to carve out for himself a commercial use and has consistently claimed as a reason therefore that this particular parcel is not suited for single family development in that zone due to the existing environment.[2] [Supplemental Record]
It is well settled law that the unsuitability of the particular neighborhood to a zoning classification in which the petitioner finds himself is properly addressed to the zoning commission, a legislative body, and not a zoning board of appeals which performs a quasi-judicial function. Ward v. ZBA, supra, 145.
Furthermore, in addition to the ordinance itself, it should have been obvious to the appellees by the zoning commission's prior denial of Nardzus' request to change the zone to garden apartments, which classification could have been considered a semi-commercial use, that a business use was not one that was then or currently ". . . in harmony with their [zoning laws] purpose and intent . . ." Section 8-6(3) C.G.S. and therefore inappropriate for action by the board.
Nardzus cites as his only authority to support the board's power to act as it did in the case of Talarico v. Conkling,168 Conn. 194 (1965). Talarico is inapposite. It involved the effect of permitting a smaller set-back requirement than was authorized by the applicable zoning ordinance for an already permitted commercial use. The Talarico court held that such a change was in fact a variance and did not amount to a change in zone as argued by the transportation commissioner. Talarico, supra at 200. In the case at bar, there was never any regulated business use in the zoning to be varied. What defendant Nardzus proposed and what the defendant ZBA approved was not a variation of the subject zoning ordinance, but a substantial change of it which such zoning board was without authority to do. See CT Page 9705 Pleasantview Farms Development, Inc. v. ZBA of Wallingford,218 Conn. 265, 271 (1991). Furthermore, it is obvious from a factual comparison of the cases in which our Supreme Court has held the ZBA powerless to act with those in Talarico and in the case at bar, that what was accomplished by the ZBA in the instant case was in effect a substantial change to — rather than a mere variance of — existing uses, i.e., Bradley v. ZBA, supra. [Variance permitting multiple family use in a single family zone held unauthorized]; Ward v. ZBA, supra, [Permitting physician's office in a single family zone held unauthorized]; and Heady v. ZBA, supra, [Permitting a non-resident medical/dental office in a single family zone held unauthorized]. What was condemned as excessive authority in the aforementioned cases by our supreme court is exactly what the Bridgeport ZBA did in the instant case.
It is obvious both from a reading of the record and listening to the arguments of counsel before this court that the centerpiece of Naudzus' argument has consistently been that the change in the character of the area created an unusual hardship on the appellee. The appellees herein go on to stress the number of business uses that have cropped up over the years which are in close proximity to the site in question. However, both the zoning map and the zoning regulations in question disclose no such authorized uses. Appellees argue however, that although the regulations do not permit business uses in the zone in question, they nevertheless exist by virtue of variances granted by the Bridgeport ZBA.[3]
As previously observed claims addressed to the changing character of the area are properly directed to the zoning commission, not the ZBA. See, Bradley v. ZBA, supra, 395; Dooley v. Town P Z Comm., supra, 313; Ward v. ZBA, supra, 145.
Furthermore, this court is not impressed nor is it bound by the fact that the Bridgeport ZBA has granted ill advised variances for business uses in the subject zone in the past. A variance may not be justified on the ground that other variances had been previously issued in the immediate area. See, Dlugos v. ZBA, 36 Conn. Sup. 217, 222 (1980 citing Vol. 2, Yokley, Zoning Law Practice (3rd Ed) Sec. 15-15. Moreover, ill advised or illegal variances do not justify the granting of others. Haines v. ZBA, 26 Conn. App. 187 (1991).
For the foregoing reasons this court concludes that the CT Page 9706 defendant Bridgeport Zoning Board of Appeals in granting the defendant Nardzus' petition exceeded its legal authority and thereby usurped the function of the zoning commission and thereby acted illegally and in abuse of its discretion. Accordingly, this court sustains the plaintiff Dworkin's appeal.
Inasmuch as the court's decision on the first issue is dispositive of this appeal, it is unnecessary for the court to consider the remaining issues briefed by the parties. The decision of the Bridgeport Zoning Board is hereby Reversed.
MELVILLE, JUDGE