[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF APPEAL
This appeal is taken pursuant to General Statutes 8-8 by the plaintiffs, Alvaro and Alice Delvecchio, from the denial of their variance application by the defendant, the Old Lyme Zoning Board of Appeals (hereinafter "Board"). The Board, acting pursuant to General Statutes 8-6, denied the plaintiffs' application for variance of Article I, Section 8, 8.8.1, Schedule A-2 1.11 of the Old Lyme Zoning Regulations.
FACTS
On October 14, 1992, the plaintiffs submitted an application to the Board, requesting a variance of Article I, Section 8, 8.8.1, Schedule A-2 1.11 of the Old Lyme Zoning Regulations. In the application, concerning property located at 26 Pond Road, Old Lyme, Connecticut, the plaintiffs request a variance to construct an unenclosed covered entry over an existing concrete patio slab. (Return of Record (ROR), Item A: Application). A variance is required because placing a roof over the patio makes it a "structure" under the applicable definitions of the Old Lyme Zoning Regulations, which in turn increases the coverage on the lot. (Return of Record (ROR), Item A: Application). The existing coverage already exceeds the maximum coverage allowed by the zoning regulations and is, therefore, nonconforming. (ROR, Item A: Plot Plan). The plaintiffs claim that the roof is necessary to remedy a water leakage problem around the entrance into the home.
On November 17, 1992, the Board held a public hearing on the plaintiffs' application. (ROR, Item D: Transcript of 11/17/92 Hearing). At a special meeting held on November 23, 1992, the Board voted unanimously to deny the variance application, as they CT Page 796 found no hardship existed. (ROR, Item I: Letter of Decision to Mr. and Mrs. Alvaro Delvecchio, dated 11/25/92). Additionally, the Board stated that the plaintiffs were already over the maximum coverage allowed, and that the variance would have been an extension/expansion of a nonconforming structure. (ROR, Item I: Letter of Decision to Mr. and Mrs. Alvaro Delvecchio, dated 11/25/92). Finally, the Board found that the requested variance was not within the plan of zoning. Id. The plaintiffs were notified of the defendant's decision by letter dated November 25, 1992. (ROR, Item I).
The plaintiffs appeal from the denial of their application for a variance on the basis that their application clearly shows hardship, and, therefore, the Board's refusal to grant the variance is arbitrary, illegal and in abuse of its discretion.
JURISDICTION
General Statutes 8-8 governs appeals from zoning boards of appeal to the superior court, and, in order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of the appeal. Id.
Aggrievement
Aggrievement is a jurisdictional matter and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991).
General Statutes 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." A court may make a finding of aggrievement based upon a plaintiff's status as owner of the subject property. Winchester Woods Associates v. Planning Zoning Commission, supra, 308.
At the hearing on October 6, 1993, the plaintiffs presented a deed evidencing their ownership of the subject parcel. The court, Hurley, J., ruled that the plaintiffs are aggrieved. CT Page 797
Timeliness
General Statutes 8-8(b) further provides that an appeal must be commenced within fifteen days from the date that the notice of decision is published. The Board published its decision on December 8, 1992. (ROR, Item J: Legal Notice of Decision published in The Pictorial Gazette).
In the present case, the sheriff's return indicates that the Old Lyme town clerk and the chairperson of the Old Lyme Zoning Board of Appeals were served on December 11, 1992, within fifteen days of publication of the decision. Accordingly, the appeal is timely.
SCOPE OF REVIEW
A trial court may grant relief on an appeal from a decision of an administrative authority only where the authority has acted illegally, arbitrarily or has abused its discretion. Raybestos-Manhattan, Inc. v. Planning Zoning Commission,186 Conn. 466, 470, 422 A.2d 65 (1982). "The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). Where the board denies a variance, the test on appeal is whether any of the reasons given are valid and supported by the record. Green v. Zoning Board of Appeals of the Town of Westport, 4 Conn. App. 500,502, 495 A.2d 290 (1985).
DISCUSSION
The plaintiffs argue that they have demonstrated adequate hardship such that denying the requested variance is not supported by the record. The plaintiffs claim that existing case law dictates that the Board could not require that the concrete slab be removed to remedy the leakage problem. The plaintiffs further argue that the Board erroneously decided that the requested variance would have expanded a nonconformity. Finally, the plaintiffs claim that the Board's statement that the requested variance would not be within the plan of zoning makes no sense in either logic or law.
The Board argues that the record does support its finding that the plaintiffs failed to sustain the burden of proof both as to whether the zoning regulations caused the hardship, and as to whether the relief sought would alleviate the hardship. CT Page 798
A zoning board "has wide discretion to grant variances." Burlington v. Jencik, 168 Conn. 506, 509, 362 A.2d 1338 (1975). General Statutes 8-6(3) sets forth the standard applicable to a local zoning board's power to grant variances. A local zoning board has the power to grant a variance under General Statutes8-6(3) where two basic conditions are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368,537 A.2d 1030 (1988).
The standard set forth in General Statutes 8-6(3) has been substantially incorporated into Old Lyme Zoning Regulations. Article V. Section 52, 52.2 of the Old Lyme Zoning Regulations governs the policy for granting variances. It states as follows:
 Policy for Grant of Variances: It shall be the policy of the Zoning Board of Appeals, when exercising the power to determine and vary the application of these regulations as described in Par. 52.1.3, to make all of the following findings:
 52.2.1 that there exist conditions, fully described in the findings, especially affecting the parcel of land for which the variance is sought, as a result of which conditions a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship;
 52.2.2 that such conditions do not affect generally the district in which the parcel is situated;
 52.2.3 that, for reasons fully set forth in the findings, the variance is necessary to relieve the exceptional difficulty or unusual hardship and is the minimum necessary to accomplish such purpose; and
 52.2.4 that the variance will be in harmony with the purpose and intent of these Regulations and will conserve the public health, safety, convenience, welfare and property values. CT Page 799
Article I, Section 8, 8.8.1 of the Old Lyme Zoning Regulations provides, in pertinent part, that "[n]o building or other structure located on a lot which does not conform to the requirements of these Regulations regarding . . . coverage . . . shall be enlarged or extended." The plaintiffs' application requests a variance from this section of the zoning regulations.
"It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district, and must arise from circumstances or conditions beyond the control of the property owner." Smith v. Zoning Board of Appeals, 174 Conn. 323, 327, 387 A.2d 542 (1978). "The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." (Citations omitted.) Whittaker v. Zoning Board of Appeals, supra 658. Where a zoning regulation does not result in practical confiscation, it must at least greatly decrease the value of the specific piece of property. Bradley v. Zoning Board of Appeals,165 Conn. 389, 392.[,] 334 A.2d 914 (1973). Also, disappointment in the use of property alone does not constitute exceptional difficulty or unusual hardship. Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662, 211 A.2d 687 (1965).
While the courts have upheld the granting of a variance in the absence of a finding that denial of a variance would result in practical confiscation, courts have rarely reversed the denial of a variance without finding that the denial resulted in a practical confiscation of property. See, e.g., Chevron Oil v. Zoning Board of Appeals, 170 Conn. 146, 365 A.2d 387 (1976).
The following discussion took place between the attorney for the applicants and the Chairman of the Board:
 Attorney Larson: The reason for the porch is because whenever it rains, the concrete slab on which the porch is going to be built is already present at the location, and whenever it rains the water seeps underneath the doorway there is a considerable amount of water that ends up going into the house . . . . Chairman: What is hardship? Attorney Larson: The hardship is a unique CT Page 800 situation in that the water problem of the house because of the concrete slab which is . . . the structure itself predates Zoning and it is the concrete slab causing the water to flow into the house. It is a hardship and we want to alleviate that problem. Chairman: What had that to do with the land? That sounds like a maintenance problem or a problem that was created by the applicant by putting up the concrete slab rather than, say an open deck or something. It appears that this could have been created by the applicant himself . . . . Chairman: I notice they have awnings on all other windows. Why don't they have an awning over the windows in back. They could change that . . . I don't know what that window is, but they could change that window to conform to the other windows, they could put an awning over that area just as they have over the other ones.
(ROR, Item D: Minutes of Zoning Board of Appeals Special Meeting held 11/23/92, pp. 1-3).
Hardship must arise from circumstances or conditions beyond the control of the property owner. Smith v. Zoning Board of Appeals, supra, 327. In the present case, the Board found that the water leakage was a "maintenance problem" that could be remedied by the plaintiffs. (ROR, Item D: Minutes of Zoning Board of Appeals Special Meeting held 11/23/92, p. 2). The Chairman of the Board suggested that the plaintiffs could alleviate the leakage problem by constructing an awning over the affected area. (ROR, Item D: Minutes of Zoning Board of Appeals Special Meeting held 11/23/92, p. 2). He also suggested that the leakage problem would have been avoided had the plaintiffs built an open deck rather than the concrete slab. (ROR, Item D: Minutes of Zoning Board of Appeals Special Meeting held 11/23/92, p. 2). Although the uncovered concrete slab may create a water leakage problem around the entrance to the plaintiffs' home, there is substantial evidence in the record to support the Board's finding that the existing conditions on the property did not arise from circumstances or conditions beyond the control of the plaintiffs. See Smith v. Zoning Board of Appeals, supra 327.
The court finds that the Board did not act arbitrarily, illegally, or in abuse of its discretion in finding that CT Page 801 application of Article I, Section 8, 8.8.1, Schedule A-2 1.11 of the Old Lyme Zoning Regulations to the plaintiffs' property did not result in hardship. See Id.
CONCLUSION
For the foregoing reasons, the court finds that the Zoning Board of Appeals did not act arbitrarily, illegally or in abuse of its discretion in finding that no hardship existed and denying the plaintiffs' application for a variance. Therefore, the plaintiffs' appeal is here dismissed.
Hurley, J.