VAN THOMAS *v*. PLANNING AND ZONING
COMMISSION OF THE TOWN
OF THOMPSON
(AC 27203)

McLachlan, Gruendel and Harper, Js.

Argued October 19—officially released December 19, 2006

*B. Paul Kaplan*, for the appellant (plaintiff).

*Kathleen M. Cerrone*, with whom, on the brief, was *William H. St. Onge*, for the appellee (named defendant).

*Denise M. Tremblay*, pro hac vice, with whom was *James L. Brawley*, for the appellee (intervening defendant I. F. Engineering Corporation).

*Opinion*

McLACHLAN, J. The plaintiff, Van Thomas, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant planning and zoning commission of the town of Thompson (commission), approving the application of the intervening defendant, I. F. Engineering Corporation (corporation) to construct a paved parking lot on its property. On appeal, the plaintiff claims that the court improperly concluded (1) that the town's zoning regulations limiting the expansion of a nonconforming use did not apply to the proposed expansion of a parking lot, (2) that the proposed use was not an illegal expansion, but rather a permissible intensification of a nonconforming use[1] and (3) that the proposed use did not have to satisfy the enumerated criteria for the issuance of a special permit in a residential zone. We affirm the judgment of the trial court.

---

[1] Because we conclude that the proposed expansion of the parking lot was not an expansion of a nonconforming use, it is not necessary to reach the second issue.

The following facts and procedural history are relevant to our resolution of the issues in this appeal. The corporation, a manufacturer of microwave components and subsystems, operates its business as a valid nonconforming use on a .92 acre tract of land located in the R-40 residential zoning district in Thompson. By application dated April 8, 2004, the corporation requested permission to construct a twenty space paved parking lot behind its existing building at 40 Parker Road. A public hearing commenced on May 24, 2004, and was continued to June 28, 2004. At that hearing, the plaintiff, an abutting landowner, opposed the application. He claimed that the proposed use failed to satisfy the requisite special permit criteria and would constitute the illegal expansion of a nonconforming use. The commission approved the application by an eight to two vote on June 28, 2004, and notice of the approval was published in the Webster Times on July 7, 2004.

On July 12, 2004, the plaintiff appealed from the commission's decision to the trial court pursuant to General Statutes § 8-8. On August 30, 2005, the court issued its memorandum of decision and dismissed the plaintiff's appeal.[2] The court concluded that the relocation and expansion of the existing parking lot was not an expansion of the corporation's nonconforming use. In reaching that conclusion, the court determined that the regulation pertaining to off-street parking, article VI, § 4, was applicable to the corporation's proposal and that the restrictions pertaining to special permitted uses in an R-40 district did not apply to the alteration or modification of an existing parking lot. Additionally, the court determined that an increase in the number of vehicles allowed to park on the property was not an illegal expansion of the original use but was, at most,

[2] The court found that the plaintiff, who owns property across the street from the corporation's property, was statutorily aggrieved, and that finding has not been challenged on appeal.

a permissible intensification of that use. This appeal followed.

This case requires us to interpret the town's zoning regulations pertaining to nonconforming uses, special permits and off-street parking. As a preliminary matter, we state the appropriate standard of review and legal principles that guide our resolution of the plaintiff's claims. "Because the interpretation of the regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. . . . Moreover, regulations must be interpreted in accordance with the principle that a reasonable and rational result was intended . . . . The process of statutory interpretation involves the determination of the meaning of the statutory language [or . . . the relevant zoning regulation] as applied to the facts of the case, including the question of whether the language does so apply." (Internal quotation marks omitted.) *Trumbull Falls, LLC* v. *Planning & Zoning Commission*, 97 Conn. App. 17, 21–22, 902 A.2d 706, cert. denied, 280 Conn. 923, 908 A.2d 545 (2006).

I

The plaintiff claims that the proposal submitted by the corporation required the issuance of a special permit. He argues that the commission's approval was illegal because the application did not satisfy the special permit criteria set forth in the town's zoning regulations. We disagree.

The application submitted by the corporation was a form application entitled "application for zoning review." The corporation checked the box on the form for a special permit and requested permission to construct a twenty space paved parking lot behind its

existing building. At the public hearing, both the engineer and the attorney for the corporation indicated that the proposal for the relocation and expansion of existing parking required only site plan approval. They stated that the application was marked as an application for a special permit because the commission had established the practice of requiring a public hearing under its special permit regulations for proposals related to off-street parking. Nevertheless, the corporation emphasized that it was not applying for a special permit to increase or expand its nonconforming use of manufacturing products in a residential district.

The parking as it existed at the time of the public hearing consisted of a small paved area at the side of the building, bordering a stream, which accommodated approximately eight vehicles. At times, the lot would be full, and customers and salespersons would have to park on the street. The corporation proposed to construct a new paved parking lot consisting of twenty spaces at the rear of its building. The old parking lot would be discontinued.[3] The building itself would not be enlarged nor would the use, manufacturing microwave components and subsystems, change in any way. Although the use of the property was a preexisting, nonconforming use, the existing parking lot was a conforming use.

Because the corporation proposed a new parking lot with twenty spaces, it was required to obtain the commission's approval pursuant to article VI, § 4, of the zoning regulations. Article VI is entitled "general use and dimension provisions." Section one of that article addresses nonconforming buildings and uses, § 2

---

[3] The plaintiff claims that the new spaces would be in addition to the eight spaces that already existed. There is no basis for that claim in the record. The engineer and the attorney for the corporation made representations to the commission that the old parking lot would be discontinued if the proposal for the new parking lot was approved.

addresses nonconforming lots and § 3 lists permitted uses and uses allowed by special permits in all of the use districts. Section four, the provision applicable to the corporation's proposal, pertains to requirements for off-street parking. It provides in relevant part: "[A]ny alterations, improvements, or modifications to an existing parking area of 5 spaces or more or a 25 percent expansion including the establishment of a new parking area shall not be established until a site plan in accordance with Article VII, Section 4 of these regulations has been approved by the Commission." That provision applies to off-street parking proposals in all of the use districts. Parking is a permitted use, provided the applicant complies with the criteria set forth in article VI, § 4, and article VII, § 4.

Article VII is entitled "special permit and site plan review." Section four of article VII is entitled "site development plan" and details the information required to appear on a proposed site plan in order to obtain commission approval. The other sections in article VII address applications for special permits; § 4 pertains only to site plans. If an application for a special permit is submitted to the commission, a site plan must also be filed with that application in accordance with § 3 of article VII. There is no requirement by statute or in the town's zoning regulations that a public hearing be held on an application for site plan review. See General Statutes § 8-3 (g). A public hearing is required, however, when the commission considers an application for a special permit. See General Statutes § 8-3c; Thompson Zoning Regs., article VII, § 6.

Significantly, article VI, § 4, of the regulations requires only site plan approval in connection with a proposal for off-street parking; there is no requirement in that section or any other section of the regulations requiring the issuance of a special permit for off-street parking when no other changes in use are sought.

Although the commission informally adopted a procedure providing for the review of such a proposal at a public hearing, there is no statutory provision or regulation of the town that requires a hearing under those circumstances. The only requirement for approval of the new parking lot would be compliance with the provisions contained in the site development plan section of the regulations. The commission obviously determined that the application complied with those provisions when it approved the corporation's application, and the plaintiff has never claimed otherwise before the commission or the trial court in his administrative appeal.

The plaintiff claims that a special permit was required and that the proposal did not comply with the special permit criteria set forth in the regulations. We have concluded that the special permit regulations are not applicable to the corporation's off-street parking proposal and, therefore, that claim must fail.[4]

II

The plaintiff also claims that the court improperly concluded that the town's zoning regulations limiting the expansion of a nonconforming use did not apply to the proposed expansion of the corporation's parking lot. Specifically, the plaintiff argues that because the parking lot is used in connection with a nonconforming manufacturing use on the property, the use of the parking lot itself is nonconforming. We disagree.

___

[4] The commission must publish notice of its approval of a *site plan* in a newspaper having general circulation in the municipality within fifteen days after the decision is made. See General Statutes § 8-3 (g). Here, the commission published notice of the approval of a *special permit* for the corporation. Because, under the town's zoning regulations, a site plan must be submitted with an application for a special permit, the approval of the special permit *a fortiori* constituted an approval of the site plan. Accordingly, there is no issue with respect to the requisite publication of the notice of the decision in this case.

A nonconforming use is defined in the regulations as the "[u]se of a building or of land that did not, at the time of the adoption of these regulations or relevant amendments, conform to those regulations." Article VI, § 4, the off-street parking provisions, contains an additional reference to nonconforming uses. Paragraph one provides in relevant part: "Any existing parking area and appurtenances legally existing prior to the establishment of these Regulations or amendments thereto, *which does not comply with the requirements of this section* shall be considered a nonconforming use of land and shall be discontinued when a site plan is approved by the Commission." (Emphasis added.)

It is undisputed that the building on the property now occupied by the corporation has been used for manufacturing purposes since 1968. Zoning regulations were adopted in the town of Thompson on March 31, 1975, at which time the subject property was zoned residential and the manufacturing use became nonconforming. Existing parking at the subject property is in compliance with the regulations. Accordingly, despite the argument of the plaintiff to the contrary, the definition of a nonconforming use contained in the off-street parking provisions does not apply to the corporation.

Nonconforming uses can be expanded in the town provided the applicant complies with paragraph four in article VI, § 1, of the regulations. That paragraph provides: "A nonconforming use may be continued, changed to a conforming use, or changed to a use which is less intensive in character than the present nonconforming use. A nonconforming use may be extended and expanded provided that such extension or expansion shall not exceed 25 [percent] of the total existing square footage of the nonconforming use and shall not exceed 25 [percent] of the remaining nonconforming lot. *Any change, extension or expansion of a nonconforming use shall require additional off-street parking*

*if necessary to conform to the requirements of Article VI, Section 4.* In no event shall the number of dwelling units be increased by more than 25 [percent] of the existing number of dwelling units in the existing building." (Emphasis added.) The plaintiff claims that the corporation's proposed expansion of its preexisting parking lot violates that provision because the area of the new parking lot exceeds the 25 percent limitation on the expansion of a nonconforming use.

The plaintiff's argument fails for a number of reasons. As we previously noted, the existing parking lot conforms to the town's regulations; it is not a nonconforming use. The expansion of the existing parking lot is not an expansion of a nonconforming use, and, consequently, paragraph four of article VI, § 1, does not apply. The current parking lot is a permitted use, and the proposal to abandon the existing parking lot in favor of a new larger lot was found to be in compliance with the off-street parking provisions found at § 4 of article VI.

Furthermore, the plaintiff's argument is not persuasive because of the language in paragraph four itself. If a nonconforming use is expanded, that paragraph specifically provides that the off-street parking provisions also must be satisfied to accommodate that expanded use. The clear import of that sentence is that parking is a factor that must be considered and is treated separately from the expansion of the use, as argued by the corporation and as stated by several commission members during their deliberations on the subject application. That sentence would be superfluous if parking associated with a nonconforming use is itself considered a separate nonconforming use. "The language of the ordinance is construed so that no clause or provision is considered superfluous, void or insignificant. . . . A statute should be construed so that no word, phrase or clause will be rendered meaningless.

. . . Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body." (Citations omitted; internal quotation marks omitted.) *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 234–35, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003).

We conclude that the commission and the court properly determined that the corporation's application to expand its parking lot did not constitute the expansion of a nonconforming use under the town's zoning regulations, and that compliance with the off-street parking provisions and site plan requirements was all that was necessary for approval of its application. Accordingly, the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

In this opinion the other judges concurred.