ROBERT D. COTTLE ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF DARIEN
(AC 26804)

Flynn, C. J., and DiPentima and Pellegrino, Js.

Argued January 8—officially released April 3, 2007

*Robert F. Maslan, Jr.*, with whom, on the brief, was *Amy G. Garvin*, for the appellants (plaintiffs).

*Patricia M. Gaug*, with whom was *John Wayne Fox*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiffs, Robert D. Cottle and Suzanne K. Cottle, appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant planning and zoning commission of the town of Darien (commission) denying their application to amend the Darien zoning map by adjusting the zoning district boundary line that splits the plaintiffs' land between two different residential zoning districts. On appeal, the plaintiffs claim that the court improperly dismissed their appeal after concluding that the record supported the commission's decision. We affirm the judgment of the trial court.

The plaintiffs own property, consisting of 4.4557 acres, at 154 Christie Hill Road in Darien. This property is split, almost equally, from north to south, between two residential zoning districts, specifically, the R-1 and the R-2 districts. On August 30, 2003, the plaintiffs filed an application with the commission requesting that the commission amend the town zoning map to adjust the zoning boundary of the plaintiffs' property so that the entirety of the property would be located in the R-1 zone. The commission held a public hearing on the

plaintiffs' application on September 16, 2003, and subsequently denied the application at its November 4, 2003 meeting. Legal notice of its decision was published in the Darien News-Review on November 13, 2003. The plaintiffs timely initiated their appeal to the Superior Court by service of process on the town clerk and the chairperson of the commission on November 25, 2003. Trial was held on March 30, 2005, and the court issued a written decision dismissing the appeal on April 6, 2005, after concluding that the record adequately supported the commission's denial of the application. This appeal followed.

On appeal, the plaintiffs claim that the court improperly dismissed their appeal because, in denying their application, the commission had ignored its own amendments to the Darien plan of development, had failed to state its findings on the record regarding whether the application complied with the plan of development, had stated reasons that were insufficient to support its decision and, in effect, had refused to consider the actual merits of the application. We conclude that the plaintiffs have failed to demonstrate any illegality or arbitrariness in the commission's denial of their application, and we agree with the trial court that the record supports the commission's decision.

In this case, it is not disputed that when the commission rejected the plaintiffs' proposed amendment to the town zoning map, the commission was acting in its legislative capacity. "Acting in a legislative capacity involves the creation of policy, not simply the application of previously established policy." *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, 32 Conn. App. 515, 524, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100 (1994). "In traditional zoning appeals, the scope of judicial review depends on

whether the zoning commission has acted in its legislative or administrative capacity. The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function. . . . Acting in such legislative capacity, the local [zoning] board is free to amend [or to refuse to amend] its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for [or the undesirability of] a change. . . . Zoning must be sufficiently flexible to meet the demands of increased population and evolutionary changes in such fields as architecture, transportation, and redevelopment. . . . The responsibility for meeting these demands rests, under our law, with the reasoned discretion of each municipality acting through its duly authorized zoning commission. . . .

"These well established principles are reflected in the evidentiary rules governing appeals from zoning decisions. Appeals from legislative zoning decisions require a showing that the commission has acted arbitrarily . . . illegally . . . or in abuse of discretion. . . . Legislative decisions reached by [a zoning] commission must be upheld by the trial court if they are reasonably supported by the record." (Citations omitted; internal quotation marks omitted.) *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 151, 653 A.2d 798 (1995). "A zoning commission is not required to give reasons for denying a zone change application [but] [w]here reasons are given, it is sufficient if any one of the reasons would be a valid basis to deny the application." R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 33:2, p. 236. In accordance with these principles, in the appeal from the commission's decision, the commission's only burden before the trial court was to show that "the record before the [commission] support[ed] the decision

reached . . . and that the commission did not act arbitrarily . . . illegally . . . or in abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Kaufman* v. *Zoning Commission*, supra, 153.

In this appeal, as in the appeal before the trial court, the plaintiffs place much emphasis on a March 18, 2003 amendment to the town's plan of development, which provided in relevant part: "However, some residential district boundaries follow streets rather than rear lot lines, split lots between different districts, or do not appropriately reflect existing lot sizes. In large measure, this is due to those lines having been established as measurements back from a street centerline or right-of-way, before a [t]own lot line base map existed. It is recommended that these residential zoning district boundaries be carefully reviewed for possible adjustments." The plaintiffs argue that the denial of their application was in contravention of this amendment and that the commission's refusal to adjust the boundary line of their property to eliminate the split zone was an abuse of discretion in light of the clear policy demonstrated by this amendment.

In denying the plaintiffs' application, the commission, in its November 4, 2003 adopted resolution, specifically found in relevant part: "It should be emphasized that the [plan of development amendment] states that the boundaries be 'carefully reviewed.' Thus, there is no mandate or requirement in the [t]own [p]lan that such instances, where they occur within [t]own, be changed. . . . Commission members believe that zoning is best reviewed on a comprehensive or neighborhood-wide basis, rather than on a lot-by-lot basis. Reviews [that] are done lot-by-lot may result in spot zoning, or analyses [that] do not take into consideration the entire neighborhood. . . . [S]ince there is just as much validity to rezoning the property from its current split zoning to be entirely R-2, as there is to rezone it to be entirely

R-1, and because a more logical proposal would be to review the entire area in question for any possible adjustment, and because the [c]ommission has carefully reviewed this boundary for possible adjustment per the 1995 [t]own [p]lan as recently amended in 2003, the [c]ommission hereby denies the subject application to rezone the property as proposed by the applicant[s]. The current zone boundary line will, for the time being, remain unchanged."

We simply cannot agree with the plaintiffs' argument that the commission was required to grant their application because it was consistent with the amendment to the plan of development. If we were to accept this argument, the commission, in effect, would be required to change every split zone boundary in the town when such a request is made, without having the ability to wait until such time as it can conduct a town wide or neighborhood wide review to determine what direction would be most beneficial for the town. The amendment to the plan of development recognizes the need for a careful review of split zones in the town; it does not call for a mandate that each individual application for a zone change be granted or that a review be done on a lot by lot basis. The commission, in its adopted resolution, explained that it was of the opinion that zoning district boundaries should be carefully reviewed on a comprehensive basis and specifically not on a lot-by-lot basis. There is nothing in the record that demonstrates that this conclusion or explanation was arbitrary or illegal. Rather, this resolution expresses a clear legislative policy. See *Whisper Wind Development Corp.* v. *Planning & Zoning Commission*, supra, 32 Conn. App. 524–25 (when planning commission creates policy, rather than simply applying previously established policy, it acts legislatively).

"A local zoning authority acting within its legislative capacity is endowed with the freedom to act or not

to act as it deems appropriate to meet the needs and demands of the body politic, as it determines those needs and demands. . . . The discretion of a legislative body, because of its constituted role as a formulator of public policy, is much broader than that of an administrative board . . . . A less strict rule would require the court to exercise a legislative judgment. . . . This broad legislative discretion applicable to the approval of a zone change is equally applicable to the denial of a requested zone change, and will not be disturbed on appeal unless the zoning authority has acted illegally or arbitrarily and has thus abused the discretion vested in it." (Citations omitted; internal quotation marks omitted.) *Homart Development Co.* v. *Planning & Zoning Commission*, 26 Conn. App. 212, 216–17, 600 A.2d 13 (1991).

Reviewing the record before us, we conclude that it adequately supports the commission's decision to deny the plaintiffs' application, and we observe nothing that would indicate that the commission's decision was illegal or arbitrary. Accordingly, we affirm the judgment of the trial court dismissing the plaintiffs' appeal.

The judgment is affirmed.

In this opinion the other judges concurred.