HARRY MELNICK *v.* ZONING AND PLANNING
COMMISSION OF THE TOWN OF SUFFIELD
(AC 27519)

McLachlan, Gruendel and Berdon, Js.

Argued April 25—officially released August 28, 2007

*Robert A. Fuller,* for the appellant (plaintiff).

*Carl T. Landolina,* for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Harry Melnick, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant, the zoning and planning commission of the town of Suffield, approving a zone change for the plaintiff's property from a residential zone to a light industrial zone. On appeal, the plaintiff claims that the court improperly concluded (1) that the administrative record supported the defendant's stated reasons for the zone change, (2) that the defendant did not change the zone for the improper purpose of precluding residential development of his property, (3) that the defendant's approval of the zone change placing the rear portion of his property in the industrial zone without any road frontage on or access through industrially zoned land was not illegal and (4) that the zone change did not amount to an inverse condemnation of his rezoned property. We agree with the plaintiff's third claim and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. Since 1962, the plaintiff has been the owner of a parcel of land located on the east side of East Street South in Suffield consisting of approximately twenty-nine acres. The vacant land is assessed as one parcel of land and has approximately 200 feet of frontage on East Street South. The town of Suffield owns three parcels of land contiguous to the plaintiff's property. Subsequent to the

plaintiff's purchase of his property, the town constructed a sewage treatment plant on one of its parcels. Prior to January, 2005, all four parcels, totaling approximately fifty-four acres, were located in an R-25 residential zone.

In 2004, the defendant completed a comprehensive review of its zoning regulations and enacted substantial amendments to those regulations and the zoning map. The zoning classification of the four parcels as residential did not change at that time. In August, 2004, the plaintiff listed his property for sale with real estate brokers. In September, 2004, an interested purchaser, Landquest, LLC, contacted the town planner, Philip Chester, to discuss possible development of the property as an active adult community. Chester confirmed that such a use was permitted by special permit in a residential zone. In December, 2004, Landquest, LLC, signed a contract with the plaintiff to purchase the property for development as an active adult community. Landquest, LLC, scheduled another meeting with Chester for December 13, 2004. At that meeting, Chester indicated that the defendant was initiating a zone change for the plaintiff's property.

By application dated November 19, 2004, the defendant, acting through Chester, requested the rezoning of the four parcels owned by the plaintiff and the town from R-25, a residential zone, to PDIP, a planned development industrial park zone.[1] A public hearing commenced on December 20, 2004, and was continued to January 24, 2005. At that hearing, Chester spoke in favor of the application and admitted that he decided to recommend the zone change only after interest had been expressed in developing the plaintiff's property residentially as an active adult community. The plaintiff,

[1] A map of the proposed zone change is reproduced in the appendix to this opinion.

represented by counsel, opposed the application as it applied to his property and filed a protest petition as the owner of more than 20 percent of the land involved in the proposed change pursuant to General Statutes § 8-3 (b).[2]

The defendant approved the application to rezone all four parcels by a five to one vote on January 24, 2005, and notice of the approval was published in the Journal Inquirer newspaper on January 27, 2005. The plaintiff appealed to the court from the defendant's decision to rezone his parcel. By motion dated May 12, 2005, the plaintiff requested permission to present evidence on his claims of predetermination or predisposition and inverse condemnation pursuant to General Statutes § 8-8 (k).[3] The defendant did not object, and the court granted the motion. A hearing was held on August 9, 2005. On October 14, 2005, the court issued its memorandum of decision and dismissed the plaintiff's appeal. The court concluded that the record supported the reasons given by the defendant for the zone change, that the defendant did not vote for the zone change on the pretext of precluding development of the plaintiff's property for adult housing, that there was no evidence of predetermination with respect to the approval of the zone change and that the plaintiff failed to establish his financial loss as a result of the zone change.

On October 27, 2005, the plaintiff filed a motion for reargument and reconsideration of the court's decision.

[2] General Statutes § 8-3 (b) provides in relevant part: "If a protest against a proposed [zone] change is filed at or before a hearing with the zoning commission, signed by the owners of twenty per cent or more of the area of the lots included in such proposed change . . . such change shall not be adopted except by a vote of two-thirds of all the members of the commission."

[3] General Statutes § 8-8 (k) provides in relevant part: "The court . . . shall allow any party to introduce evidence in addition to the contents of the record if . . . it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ."

The plaintiff requested, inter alia, that the court address the issue that the zone change eliminated road frontage on a public street for the industrial land, thereby precluding legal access to his rezoned property. In a subsequent memorandum of decision dated January 10, 2006, the court noted: "The plaintiff's claim has a semblance of validity. Generally, under zoning law, residentially zoned land cannot be devoted to the accessory use of providing access to industrially zoned land. However, the plaintiff neglects to take into account that he can apply for a variance to obtain access across his residentially zoned land to the industrially zoned land. The defendant cites previous instances where the Suffield zoning board of appeals has granted such a variance." The court then affirmed its judgment dismissing the plaintiff's appeal. Having obtained certification to do so, the plaintiff filed the present appeal.

The defendant was acting in its legislative capacity when it amended its zoning map by changing the zone of the four parcels from residential to industrial. See *Cottle v. Planning & Zoning Commission*, 100 Conn. App. 291, 293, 917 A.2d 1030 (2007). "Acting in such legislative capacity, the local board is free to amend its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change. . . . The discretion of a legislative body, because of its constituted role as formulator of public policy, is much broader than that of an administrative board, which serves a quasi-judicial function. . . . This legislative discretion is wide and liberal, and must not be disturbed by the courts unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally." (Internal quotation marks omitted.) *Campion v. Board of Aldermen*, 278 Conn. 500, 527, 899 A.2d 542 (2006).

Here, the plaintiff claims that the defendant acted illegally by rezoning a portion of his parcel from residential use to industrial use. Before the zone change, the

plaintiff's entire parcel was located in the R-25 residential zone and had 200 feet of frontage on East Street South. The zone change to industrial use affected only a portion of that parcel, the zone line being 300 feet back from East Street South, thereby leaving the portion of the plaintiff's parcel with the road frontage in the residential zone. The plaintiff argues that access to the rear of the property, now zoned industrial, has been precluded because the town's zoning regulations do not permit access to industrial property through a residential zone. We agree.[4]

The plaintiff's claim requires an interpretation of the town's zoning regulations, which is a question of law. See *Thomas* v. *Planning & Zoning Commission*, 98 Conn. App. 742, 745, 911 A.2d 1129 (2006). When the plaintiff raised the issue of access at the public hearing before the defendant, it requested a legal opinion from its counsel and was advised that there was nothing in the zoning regulations that would prohibit such a use. The court, in reviewing the defendant's decision, found that the plaintiff's claim had a "semblance of validity" but that the plaintiff could apply for a variance to obtain access to his industrially zoned property through the portion of his property that remained residentially zoned.

Although a commission's interpretation of its regulations is entitled to some deference, we are not bound by the defendant's legal interpretation. See *Northeast Parking, Inc.* v. *Planning & Zoning Commission*, 47 Conn. App. 284, 293, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998). Likewise, our review of the court's interpretation of the zoning regulations is plenary. *Balf Co.* v. *Planning & Zoning Commission*, 79 Conn. App. 626, 635, 830 A.2d 836, cert. denied, 266 Conn. 927, 835 A.2d 474 (2003).

---

[4] Because the resolution of that issue is dispositive of the appeal, we do not reach the plaintiff's remaining claims.

After a thorough review of the town's zoning regulations, we conclude that they do not permit access to industrial property through residentially zoned land. Section I (C) of the regulations provides: "Within the Town of Suffield, no land, building, structure or portion thereof shall hereafter be used, and no building, structure or portion thereof shall be constructed, reconstructed, enlarged, located, extended, moved or structurally altered except in conformity with the Zoning Regulations. The Zoning Regulations are intended to state the uses of land and/or buildings and structures that are permitted within the Town of Suffield. *USES NOT STATED ARE PROHIBITED.*" (Emphasis in original.) Section III (A) provides: "Except as specifically provided herein: (1) *No land,* building or premises, *or part thereof shall hereafter be used* and no building or part thereof or other structure shall be constructed, reconstructed, extended, enlarged, moved or altered *except in conformity with the regulations herein prescribed for the zone in which it is located.*"(Emphasis added.) Uses permitted by right and by special permit in residential zones are listed in § IV (D) of the regulations. Nothing permits access to industrial property through a residential zone. Further, uses permitted by right and by special permit in planned development industrial park zones are listed in § IV (J) of the regulations. Again, there is no language permitting access to such a zone through a residential zone. If a use is not permitted, it is prohibited. Because the regulations expressly list the uses permissible in each zone and affirmatively prohibit all uses not specifically permitted, we conclude that access to the rear portion of the plaintiff's industrially zoned property is not permitted over the front portion of the plaintiff's property that remains in a residential zone. See *Planning & Zoning Commission* v. *Gilbert,* 208 Conn. 696, 708, 546 A.2d 823 (1988).[5]

---

[5] Other cases support this conclusion. In *Gordon* v. *Zoning Board,* 145 Conn. 597, 145 A.2d 746 (1958), our Supreme Court invalidated a zone change in which the board attached the condition that ingress to and egress from

The challenged change of zone with respect to the plaintiff's property violates the town's zoning regulations. The plaintiff does not have access to the rear portion of his property. Because the action of the defendant was illegal, the court improperly dismissed the plaintiff's appeal.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal and vacating the zone change as to the plaintiff's property.

In this opinion the other judges concurred.

## Appendix

the subject commercially zoned property was limited exclusively to a private road passing through a residential area. The court concluded that the board's action was illegal because the town's zoning regulations, which prohibited any use that was not specifically permitted, did not permit access to a commercial district through an RA-1 residential area. Id., 604.

Similarly, in *Crabtree Realty Co.* v. *Planning & Zoning Commission*, 82 Conn. App. 559, 845 A.2d 447, cert. denied, 269 Conn. 911, 852 A.2d 739 (2004), this court upheld the denial by the defendant, the planning and zoning commission, of a site plan application to construct an access road between the plaintiff's two properties on the ground, inter alia, that the

proposed road crossed a residential zone and was not permitted because it represented a commercial use in a residential zone. Id., 567.